IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN HARRIS,                              )
                                            )
                        Petitioner,         )   Civil Action No. 09-318
                                            )
vs.                                         )   Magistrate Judge Maureen P. Kelly
                                            )
FRANCISCO J. QUINTANA, Warden,              )
                                            )
                        Respondent          )   Re: ECF No. 29

## MEMORANDUM OPINION

Despite the fact that all parties consented to have the Magistrate Judge exercise plenary

jurisdiction, ECF No. 8 and No. 17, after the undersigned issued a Memorandum Order, ECF No.

27, denying Steven Harris's pro se Petition for Writ of Habeas Corpus filed pursuant to 28

U.S.C. § 2241, Petitioner filed "Objections" to the Memorandum Order. ECF No. 29.

Insofar as "objections" are not appropriate to a final order entered by a Magistrate Judge,

where the parties have consented to have the Magistrate Judge enter final judgment, we will

liberally construe the pro se Petitioner's objections to constitute a Motion To Alter or Amend the

Judgment under Fed.R.Civ.P. 59(e).[1]  Treated as such, the Motion will be denied.

As the United States Court of Appeals for the Third Circuit recently explained:

> A motion for reconsideration is a limited vehicle used "to correct manifest errors
> of law or fact or to present newly discovered evidence." *Max's Seafood Café ex
> rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation
> omitted). A judgment may be altered or amended if the party seeking
> reconsideration shows one of three grounds: (1) an intervening change in the law;

---

[1]  We deem Petitioner's filing of the Motion to be timely under Fed.R.Civ.P. 59, given his
explanation that he sent the Motion on August 2, 2012, to a Post Office Box that the Clerk's
Office ceased using.  ECF No. 29-1 at 1.

(2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. Id.

Vora v. All Conspirators, __ F. App'x __, __, 2012 WL 3642273, at *1 (3d Cir. 2012). The only ground Petitioner appears to argue is the third ground, i.e., the need to correct a clear error of law or prevent a manifest injustice. As Petitioner has not convinced the Court that a clear error of law was committed or that a manifest injustice was effectuated in denying his Section 2241 petition, the Motion is hereby **DENIED.**

BY THE COURT,

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Date:  September 25, 2012

cc:     STEVEN HARRIS
        41534-037
        FCI MCDOWELL
        101 FEDERAL DRIVE
        BOX 1029
        WELCH, WV 24801

        All counsel of record via CM-ECF

2