IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 09-318 |
| | ) | |
| vs. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| FRANCISCO J. QUINTANA, Warden, | ) | |
| | ) | |
| Respondent | ) | Re: ECF No. 29 |

## MEMORANDUM OPINION

Despite the fact that all parties consented to have the Magistrate Judge exercise plenary jurisdiction, ECF No. 8 and No. 17, after the undersigned issued a Memorandum Order, ECF No. 27, denying Steven Harris's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, Petitioner filed "Objections" to the Memorandum Order. ECF No. 29.

Insofar as "objections" are not appropriate to a final order entered by a Magistrate Judge, where the parties have consented to have the Magistrate Judge enter final judgment, we will liberally construe the pro se Petitioner's objections to constitute a Motion To Alter or Amend the Judgment under Fed.R.Civ.P. 59(e).[1] Treated as such, the Motion will be denied.

As the United States Court of Appeals for the Third Circuit recently explained:

> A motion for reconsideration is a limited vehicle used "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration shows one of three grounds: (1) an intervening change in the law;

---

[1] We deem Petitioner's filing of the Motion to be timely under Fed.R.Civ.P. 59, given his explanation that he sent the Motion on August 2, 2012, to a Post Office Box that the Clerk's Office ceased using. ECF No. 29-1 at 1.

1

(2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. Id.

Vora v. All Conspirators, __ F. App'x __, __, 2012 WL 3642273, at *1 (3d Cir. 2012). The only ground Petitioner appears to argue is the third ground, i.e., the need to correct a clear error of law or prevent a manifest injustice. As Petitioner has not convinced the Court that a clear error of law was committed or that a manifest injustice was effectuated in denying his Section 2241 petition, the Motion is hereby **DENIED**.

BY THE COURT,

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Date: September 25, 2012

cc: STEVEN HARRIS
41534-037
FCI MCDOWELL
101 FEDERAL DRIVE
BOX 1029
WELCH, WV 24801

All counsel of record via CM-ECF